## JOHNSON
v.
## FIDELITY MUT. INS. CO.
Civ. No. 4241.

United States District Court, W. D. Louisiana, Lake Charles Division.

Feb. 12, 1954.

John R. Hunter, Jr., Alexandria, La., for plaintiff.

T. C. McLure, Alexandria, La., S. W. Plauche, Jr., Plauche & Plauche, Lake Charles, La., for defendant.

HUNTER, District Judge.

This is a tort action. The defendant, Fidelity Mutual Insurance Company, was the liability insurer of a third party whose negligence allegedly caused the accident in which plaintiff's husband and son were killed. The suit is brought under the direct action statute of Louisiana.[1]

The defendant has filed a motion to strike the claims for penalties and attorney's fees. The claims for these fees are based upon LSA–R.S. 22:658 and the Louisiana Supreme Court decision of Wright v. National Surety Corporation, 1952, 221 La. 486, 59 So.2d 695. The Wright case extended the general language of LSA–R.S. 22:658 to workmen's compensation cases against the insurer. Then, the Louisiana Legislature amended the statute in question so as to specifically include employees entitled to workmen's compensation.[2] Counsel for defendant urges that the expressed inclusion of workmen's compensation claimants amounted to a legislative exclusion of tort claimants. Plaintiff, on the contrary, says that if the Legislature intended to exclude tort claims, it

---

1. LSA–R.S. 22:655.

2. LSA–R.S. 22:658. "All insurers issuing any type of contract other than those specified in R.S. 22:656 and 22:657 shall pay the amount of any claim due any insured including any employee under Chapter 10 of Title 23 of the Revised Statutes of 1950 within sixty days after receipt of satisfactory proofs of loss from the insured, employee or any party in interest. Failure to make such payment within sixty days after receipt of such proofs and demand therefor when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of 12% damages on the total amount of the loss, payable to the insured, or to any of said employees, together with all reasonable attorney's fees for the prosecution and collection of such loss, or in the event a partial payment or tender has been made 12% of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney's fees for the prosecution and collection of such amount. * * * As amended Acts 1952, No. 417, § 1."

would have done so, just as it specifically excluded claims under life insurance and health policies. This court is of the opinion that the only purpose of the amendment was to enact into legislation what the Louisiana Supreme Court had already held to be law.

LSA–R.S. 22:658 does not say that the plaintiff in a tort suit is an insured within the meaning of the statute, but plaintiff insists that this is of no importance, and that the decision in the Wright case means just that. The Wright case remains the law, and as such is entitled to the respect of the court. That case is authority for the proposition that a claimant in a workmen's compensation suit is an "insured" within the meaning of the statute. We cannot justify further extending this theory so that a tort claimant would be an "insured." The statute must be strictly construed. It provides that the insurer "shall pay the amount of any claim due" or suffer the penalties. In workmen's compensation claims specific amounts are fixed by law and there is liability without fault. In tort claims the question of liability is often complicated, contradictory or without precedent in the reported jurisprudence. The question of quantum in tort suits is uncertain and unpredictable. It would be impossible for a defendant to foretell—other than by guesswork—just what amount was due.

There is an additional reason for holding that the penalties and attorney's fees cannot be collected here. The direct action statute under which this suit is brought provides that recovery should be limited to the amount of the policy and the terms of the policy. To subject this defendant to penalties and attorney's fees would be to subject him to liability beyond and over the limits and terms of the policy.

This court holds that a tort claimant is not an "insured", and therefore cannot recover penalties and attorney's fees under LSA–Revised Statutes 22:658. This court further holds that even if

the tort claimant was an insured within the meaning of the statute, she could not recover the fees in this case because it would make the insurance company liable beyond the amount and terms of the policy.

The defendant's motion to strike the penalties and attorney's fees should be and is sustained.