Steve **SKINNER**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY.**

Civ. A. No. 85–3453.

United States District Court,
W.D. Louisiana,
Alexandria Division.

July 31, 1986.
As Amended Aug. 19, 1986.

A.J. Gregory, Jr., Thomas, Dunahoe & Gregory, Natchitoches, La., for plaintiff.

Alex F. Smith, Jr., Mayer, Smith & Roberts, Shreveport, La., for defendant.

## RULING

LITTLE, District Judge.

The defendant's motion for summary judgment is GRANTED. In spite of the absence of substantive analysis or citation from the defendant, the law and reason

applied to the undisputed facts leaves no doubt that the plaintiff should not recover.

The parties agree that the plaintiff was the recipient of a handsome award for personal injuries sustained at the hands of the wrongdoer, Valley Electric Membership Corp. The judgment, in excess of one million dollars, was cast in favor of the plaintiff and against Valley and its liability insurer, Nationwide Mutual Insurance Company, the defendant in this case.

For reasons neither known nor material, the 1979 judgment was not satisfied until October of 1985. Defendant's check for $1,500,000 drawn on an Ohio bank, was tendered to its payees, the plaintiff and his attorney. The payees that day endorsed and deposited the check to the attorney's account in a bank in Natchitoches, Louisiana. That Louisiana bank sent the check by commercial courier to the Ohio bank on the 21st of October. Accompanying the check were instructions from the payees to wire the proceeds to a certain account. The wire transfer, the actual time when the funds were available for use by the payees, did not occur until 28 October.

Miffed by the delay in clearing the check, plaintiff sued the check maker insurance company for $225,000 citing as his statutory authority L.R.S. 22:658C(2) and (3):

(2) No insurer shall intentionally or unreasonably delay, for more than three calendar days, exclusive of Saturdays, Sundays, and legal holidays, after presentation for collection, the processing of any properly executed and endorsed check or draft issued in settlement of an insurance claim.

(3) Any insurer violating this Subsection shall pay the insured or claimant a penalty of $200 or 15% of the face amount of the check or draft, whichever is greater.

The statute upon which the plaintiff relies is not applicable to the undisputed facts when those facts are considered in a light most favorable to the non-moving party. Paragraph (1) of Section C of 22:658 states:

All claims shall be paid by check or draft of the insurer to the order of the claimant to whom payment of the claim is due pursuant to the policy provisions or upon direction of such claimant to one specified.

The "claims" to which that subsection refers are those identified in Section A as the claim "due any insured, including any employee under Chapter 10 of Title 23 of Revised Statutes of 1950." A tort claimant is not an "insured" and therefore cannot recover the penalties contemplated by L.R.S. 22:658. *Johnson v. Fidelity Mutual Ins. Co.*, 118 F.Supp. 392, 394 (W.D.La. 1954); *Ubas v. Louisiana Farm Bureau*, 434 So.2d 199, 204 (La.App. 4th Cir.1983); and *Moore v. Brumfield*, 459 So.2d 21, 25 (La.App. 1st Cir.1984). A workers' compensation claimant under Chapter 10 of Title 23 is not an insured but is afforded the benefits of the statute by specific exception. It should be noted at this point that L.R.S. 23:1201.2 provides penalties for failure to pay workers' compensation claims and provides that the penalties of L.R.S. 22:658 shall not apply. Act 778 of 1985 specifically amends and reinacts 22:658 which does apply penalties for failure to pay and process properly compensation claims. The 1985 act will control being the latest expression of legislative will concerning penalties of a compensation claimant.

Making sense, rather than law, by reading the statute as a whole leads to this inevitable conclusion. Insurers shall pay their insureds and workers' compensation claimants within 60 days of receipt of proof of loss (Section A); failure to make the payment within 60 days after receipt of proof of loss subjects the insurer to penalties (Section B); delay in processing such payment by check or draft subjects the insurer to penalties (Section C). The statute, consisting of Sections A, B and C, does not apply a penalty to the dilatory processing of a tort claimant's check or draft.

This Court is not unmindful of those plentiful authorities relagating statutory penalty provisions to the rigid world of strict judicial construction. For example, see *Smith v. State Farm Fire & Casualty Co.*, 695 F.2d 202 (5th Cir.1983). In this case, however, one need not be concerned

**1552**

with rigid construction when the clear purpose and straight language removed the statute from even possible application to this plaintiff.