517 So.2d 849 (1987)
Danny T. WILLIAMS, Plaintiff-Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INS. CO., et al., Defendants-Appellees.
No. 86-880.
Court of Appeal of Louisiana, Third Circuit.
October 7, 1987.
Andre Toce, Lafayette, for plaintiff-appellant.
Aubrey, Shea & Ziegler, William Ziegler, Melissa Reardon, Lafayette, for defendants-appellees.
Before FORET, LABORDE and KNOLL, JJ.
LABORDE, Judge.
Plaintiff/appellant, Danny T. Williams, filed suit against State Farm Mutual Automobile Insurance Company, Stella Collins, and Rufus Collins for one thousand ($1,000.00) dollars allegedly due as a result of the negligent operation of an automobile driven by Stella. Plaintiff also demanded penalties and attorney fees from State Farm under LSA-R.S. 22:658. Defendants answered and denied all allegations of negligence on behalf of Stella; further, defendant alleged that the negligence of Kimberly Allen, the driver of plaintiff's car, was the proximate cause of the accident.
At the conclusion of plaintiff's case, Rufus Collins was dismissed from suit. After trial, the court found that Stella negligently made a left turn and caused the accident. Judgment was rendered in favor of Danny T. Williams in the amount of two hundred *850 fifty ($250.00) dollars. Plaintiff's claims for penalties and attorney fees were denied.
The sole issue to be decided on appeal is whether the trial court erred in denying plaintiff penalties and attorney fees under LSA-R.S. 22:658.
State Farm insured each of the automobiles involved in the accident. Plaintiff's collision coverage deductible was $500.00. The deductible is obviously higher than the amount of damages his car sustained ($250.00); therefore, his policy did not provide coverage. Plaintiff did recover under the liability portion of Mr. Collins' State Farm policy. Plaintiff asserts that under the broad language of LSA-R.S. 22:658, to wit, "All insurers issuing any type of contract... shall pay the amount of any claim due any insured ... within sixty days after receipt of satisfactory proofs of loss...." that he, as an insured of State Farm, is entitled to the statutory penalty and attorney fees.
As noted earlier, plaintiff was insured by State Farm, but, recovery herein is under the liability portion of Mr. Collins' policy not plaintiff's own collision policy. Under the liability portion, plaintiff is not an insured and is not entitled to an award for penalties and attorney fees under LSA-R. S. 22:658. Moore v. Brumfield, 459 So.2d 21, 25 (La.App. 1st Cir.1984). See also Ubas v. Louisiana Farm Bureau Mutual Ins. Co., 434 So.2d 199, 204 (La.App. 4th Cir. 1983) (where the court of appeal citing Johnson v. Fidelity Mutual Ins. Co., 118 F.Supp. 392 (W.D.La.1954), held that a tort claimant is not an "insured" within the meaning of the statute). LSA-R.S. 22:658 is not applicable as a matter of law. The trial court correctly denied the award for the statutory penalty and attorney fees.
For the above and foregoing reasons, the judgment of the trial court is affirmed at plaintiff's cost.
AFFIRMED.