**PREMIUM FINANCE COMPANY, INC.,
Thomas M. Wright and Robert
L. Wright, Sr.**

v.

**EMPLOYERS REINSURANCE
CORPORATION.**

**Civ. A. No. 89–1240.**

United States District Court,
W.D. Lousiana,
Alexandria Division.

April 15, 1991.

E. Keith Carter, James Charles McMichael Jr., Blanchard, Walker, Oquin & Roberts, Shreveport, La., and Nelson M. Lee, Bunkie, La., for plaintiffs.

Seale, Smith, Zuber & Barnette, James H. Morgan, III, William C. Kaufman, III, Baton Rouge, La., and Stafford, Stewart & Potter, Larry A. Stewart, Alexandria, La., for defendant.

Landry, Watkins & Bonin, Edward P. Landry, New Iberia, La., for AFCO Credit Corp.

RULING

LITTLE, District Judge.

The newly-enacted La.Rev.Stat.Ann. 22:1220 creates for insurers a duty to make a reasonable effort to settle claims. Before the court is the motion for summary judgment of Employers Reinsurance Corporation, asking the court to hold not only that the new statute is not to be applied retroactively but also that it does not regulate or measure an insurer's conduct after the commencement of litigation.

Briefly, this action arises out of the nefarious dealings of Andre Coco on behalf of Edgar Coco Agency, Inc. This insurance agency procured loans from Premium Finance Company, and other similarly situated finance companies, on behalf of agency clients to enable those clients to pay policy premiums. The parties agree that over a period of several months Andre

Coco submitted false loan applications to Premium on behalf of nonexistent clients, thereby defrauding Premium of substantial amounts of money. Once this scheme was uncovered, Coco was indicted on criminal charges and the agency filed for bankruptcy. Employers had issued a liability policy to the agency. Premium brought this action against Employers, asserting claims for which the agency was responsible under the RICO statute and for failure to settle in good faith. 18 U.S.C. § 1961 et seq.; La.Rev.Stat.Ann. 22:1220.

■ By its amended complaint, Premium asserts the following claim:

Defendant has failed to discharge its duty under La.R.S. 22:1220 to make a reasonable effort to settle this claim with the plaintiffs, in that, after having received satisfactory proof of loss from plaintiffs, it has failed to pay plaintiffs' claims and has refused to meaningfully negotiate with plaintiffs concerning payment of their claims.

Employers contends that the statute, which became effective on 6 July 1990, is inapplicable. It first argues that the statute only addresses the conduct of an insurer that occurs before litigation on the claim is commenced, not after litigation has commenced. Its second assertion is that the statutory directions should not be applied retroactively and therefore do not reach its pre-litigation conduct, all of which occurred before 6 July 1990.

The statute provides in part:

An insurer ... owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained by the breach.

La.Rev.Stat.Ann. 22:1220(A). In addition to actual damages, successful litigants may recover penalties against the insurer in an amount of two times the actual damages or $5,000, whichever is greater. *Id.* 22:1220(C).[1] The legislation creating the statute does not explicitly provide that it is to be applied retroactively, or that it is to be applied only prospectively.

The Louisiana law on retroactivity of laws is succinctly stated in two sources. The first is found in the Louisiana Civil Code:

In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary.

La.Civ.Code Ann. art. 6. The second is in the Louisiana Revised Statutes:

No Section of the Revised Statutes is retroactive unless it is expressly so stated.

La.Rev.Stat.Ann. 1:2. Jurisprudence glosses the subject by providing essential definitions of key terms:

A substantive law is one that creates an obligation, while a procedural, remedial or curative statute relates to the form of the proceeding or the operation of the laws.

*Graham v. Sequoya Corp.*, 478 So.2d 1223, 1226 (La.1985). *See also Lott v. Haley*, 370 So.2d 521, 523 (La.1979). Prior to July of 1990 we find no specific statutory regulation of the settlement responsibility of the insurer vis-a-vis a noninsured claimant. Louisiana jurisprudence consistently has held that the duty to settle claims, found in the Insurance Code, La.Rev.Stat.Ann. 22:1 et seq., applies to claims by the insured. A claimant under a liability policy is not an insured. *See Williams v. State Farm*, 517 So.2d 849, 850 (La.App. 3d Cir.1987), and the authorities cited in that opinion. We hold that the new act creates new rights and liabilities where none had previously existed. As a consequence, La.Rev.Stat. Ann. 22:1220 may not be applied retroactively.

---

**1.** A critical commentary of the act is provided in W. McKenzie & H. Johnson, *Insurance*, 51 La.L. Rev. 249 (1990). The authors suggest that the new statute derives from the Louisiana legislature's "patchwork approach" to problems inherent in the claims process and that it both "aggravates and illustrates the need for comprehensive revision of the Insurance Code." *Id.* at 253–54.

Premium argues that, assuming the statute may not be applied retroactively, the statute nevertheless applies to an insurer's conduct undertaken after litigation between the insurer and the claimant has commenced. Under Premium's theory, if the insurer fails to "make a reasonable effort to settle claims with the insured or the claimant" during the course of litigation concerning that claim, the claimant is entitled to the punitive award described in the 1990 act. Premium gives no indication as to how Employers has failed to make a "reasonable effort" to settle the claims during the course of the instant litigation, but because the issue is presented in the course of a motion to dismiss for failure to state a claim, the court must determine whether Premium possesses the legal right to recover for such a transgression, if one occurred.

The terms of the statute do not explicitly foreclose either party's suggested interpretation. Neither party has tendered to the court any evidence that would reflect upon the Legislature's intent in this regard. The court, therefore, must resort to the mandate that words of a statute are to be construed according to their context and to their common and approved usage giving a meaning which does not lead to an absurd and unintended consequence. La.Civ.Code art. 9, La.Rev.Stat.Ann. 1:3 and 1:4. Additionally, familiar principles of statutory interpretation may be employed; thus, all parts of the same statute must be considered as a unit, *Thibaut v. Board of Commissioners,* 153 La. 501, 96 So. 47, 48 (1923), and any adopted construction must attach to the act a rational and beneficial meaning consistent with the purposes of the act. *Curatorship of Parks,* 210 La. 63, 26 So.2d 289, 291 (1945). Finally, penalty statutes such as the one under considera-

tion must be strictly construed. *Vander Sluys v. Finfrock,* 158 La. 175, 103 So. 730, 732 (1925).

Subsection (B) of La.Rev.Stat.Ann. 22:1220 provides that "any one of the following acts ... constitutes a breach of the insurer's duties...." The subsection then enumerates five blunders, any one of which, if committed knowingly by the insurer, would constitute a breach of the duty of insurers to claimants.[2] All five situations arguably could apply to conduct occurring after the institution of litigation. But if litigation occurs, is it intended that the new statute would apply to post-litigation behavior by the insurance company? We think not.

The court turns to the purposes of the statute. The statute clearly addresses the relationship between the person pressing a claim against an insurer and the insurer. It provides generally that insurers must negotiate on their insured's behalf in a reasonable manner. Protracted disputes should be avoided. Prompt resolution is desirable. Applying the statute under consideration to post-litigation activities would lead to an absurd result. The absurd result is to expose all litigation with insurers on the main demand to protracted collateral litigation concerning the insurer's post-filing negotiations, as colored by attorney advice, issue development and court rulings. The resulting litigation explosion would thwart the statutory goal of quick resolution of disputed claims and would impede just and reasonable post-filing negotiations.

Finally, the law addresses a perceived lack of incentive for insurers to settle claims. Such an incentive is absent once litigation commences because any party to a lawsuit will have an incentive to settle the suit, namely, the desire to avoid litigation costs. Thus, the statute would be

---

**2.** The situations are:

(1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.

(2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.

(3) Denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without notice to, or knowledge or consent of, the insured.

(4) Misleading a claimant as to the applicable prescriptive period.

(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.

duplicative if it applied to conduct occurring after the initiation of litigation. Absent explicit legislative direction, the court is unwilling to embark upon the course suggested by plaintiffs. Again, we observe that absurd results are to be avoided in the interpretation of legislative acts.

The court GRANTS Employers' motion to dismiss the claim for failure to settle and DISMISSES that portion of the plaintiffs' claim.