610 So.2d 881 (1992)
GENERAL ACCIDENT INSURANCE COMPANY
v.
James P. WATSON, et al.
Ethel KINCHEN
v.
GENERAL ACCIDENT INSURANCE COMPANY.
No. 91 CA 1569.
Court of Appeal of Louisiana, First Circuit.
November 20, 1992.
Writ Denied January 29, 1993.
Hobart O. Pardue, Jr., Springfield, Jeffrey C. Napolitano, New Orleans.
Ron S. Macaluso, Paul Peatross, Hammond.
Before EDWARDS, SHORTESS and WHIPPLE, JJ.
SHORTESS, Judge.
This is an appeal of the trial court's rulings on cross motions for summary judgment in consolidated cases. In view of the convoluted procedural posture these cases present while before us only on pretrial motions, it is likely their spectre will haunt the courts for years to come. However, the only issue before us at this time is whether the trial court's rulings on the motions for summary judgment are correct.[1]
State Farm Mutual Automobile Insurance Company (State Farm) and James P. Watson (collectively, appellants) have assigned as error, in addition to the rulings on the motions, findings of fact made by the trial court in its written reasons. These findings are not included in the judgment but are simply gratuitous dicta which should not be dispositive of the issues remaining to be tried. Thus we shall not address the correctness of those findings.
The facts, greatly simplified, are these: Ethel Kinchen was injured in an automobile accident on June 29, 1986, allegedly while in the course and scope of her employment. She accepted worker's compensation benefits from General Accident Insurance Company (General) totaling almost $25,000.00. Without filing suit, she settled with the *882 tort-feasor, Watson, and his liability insurer, State Farm, for Watson's policy limits of $25,000.00 and executed a general release in favor of appellants. She did not notify General of the settlement or reimburse General for any of the compensation payments made to her. When General learned of the settlement, it terminated Kinchen's compensation payments. It also filed a subrogation action against appellants for reimbursement of the sums paid by it to Kinchen.
State Farm not only insured Watson, but it also provided underinsured motorist coverage to Kinchen with limits of $100,000.00. Kinchen entered into a settlement with State Farm whereby she received $75,000.00 and $25,000.00 was deposited into the registry of the court. As a condition of the settlement, Kinchen executed a document in which she agreed to indemnify appellants "for any claim or loss ... that may arise from any legal, contractual or conventional subrogee or claimant whose right or cause arises from this accident and its subsequent effects...."
Kinchen then sued General for reinstatement of compensation benefits. General sought indemnity from appellants, and they in turn sought indemnity from Kinchen, relying on the indemnity agreement in the underinsured motorist settlement documents. Relying on this same agreement, appellants also filed a third party demand seeking indemnity from Kinchen in the subrogation suit.
Appellants moved for summary judgment on their third party demands based on the indemnity agreement. Kinchen filed a cross motion asserting the invalidity of the indemnity agreement and seeking dismissal of the third party demands. The trial court found the agreement was invalid, denied appellants' motion, granted Kinchen's motion, and dismissed the third party demands of Watson and State Farm against Kinchen. State Farm and Watson then brought this appeal.
Appellants contend the trial court erred in finding no "consideration" was paid by appellants to support the indemnification agreement. Appellants argue the trial court improperly applied a common law standard; they contend the contract was supported by "a lawful cause" as required by Louisiana Civil Code article 1966. "Cause" is defined by article 1967 as the "reason why a party obligates himself." Appellants contend their interest in "obtaining [their] total peace from any and all claims" was a "reason why" State Farm paid Kinchen $75,000.00. La.C.C. art. 1967. While this interest can be considered a cause of the obligation, the contract is valid only if based on a lawful cause. Cause is unlawful when enforcement of the obligation would produce a result prohibited by law or against public policy. La.C.C. art. 1968.
Appellants were in the superior position in this case; they held the carrot of the $100,000.00 policy limits and the stick of the indemnity agreement. They used this superior position to attempt to protect their insured under the liability policy, Watson, at the expense of the insured under the underinsured motorist policy, Kinchen. We realize State Farm had a duty to protect Watson under the liability policy. Pareti v. Sentry, 536 So.2d 417 (La.1988). However, when settling with Kinchen under the underinsured motorist policy, its primary duty was to Kinchen, its insured under that policy. See Cloney v. Smith, 441 So.2d 342, 347 (La.App. 5th Cir.1983), writ denied, 444 So.2d 608 (La.1984). We find State Farm's conduct in this case to be contrary to its duty to deal in good faith with Kinchen and a violation of the public policy of this state.[2]
Since the cause of this obligation was unlawful, the contract is null. La.C.C. art. 2029. The indemnity agreement thus has no effect. For this reason, the trial court properly granted Kinchen's motions for *883 summary judgment and denied appellants' motions. The judgment of the trial court is affirmed at appellants' cost.
AFFIRMED.
EDWARDS, J., concurs in the result.
NOTES
[1] Appellants appealed from the judgment of the trial court granting Ethel Kinchen's motions for summary judgment and applied for supervisory writs on the trial court's denial of appellants' motions for summary judgment. This court declined to exercise its supervisory jurisdiction because the appeal was pending, stating that the issues raised on the writ and the issues raised on the appeal should be joined with and raised in the appeal. We will thus address the motions of both Kinchen and appellants.
[2] LSA-R.S. 22:1220 was amended in 1990 by Acts 1990, No. 308, § 1. The first sentence of R.S. 22:1220(A) codifies existing law: "An insurer... owes to his insured a duty of good faith and fair dealing." See Haynes v. Shumake, 582 So.2d 959, 963 (La.App. 2d Cir.1991); Hastings v. Southern Nat'l Ins. Co., 554 So.2d 221, 226 (La.App. 2d Cir.1989), writ denied, 559 So.2d 126 (La.1990).