619 So.2d 122 (1993)
David W. RUSCH
v.
Ashley COOK, Sydney Cook, Ashby Cook, and U.S.A.A. Property and Casualty Insurance Company.
No. CA 92 0937.
Court of Appeal of Louisiana, First Circuit.
May 28, 1993.
*123 Perry M. Theriot, Covington, for plaintiff-appellant David Rusch.
Adrianne M. Baumgartner, Covington, for defendants-appellees.
Before LOTTINGER, C.J., and FOIL and FOGG, JJ.
FOIL, Judge.
This appeal challenges the action of the trial court in dismissing plaintiff's suit on the basis that the statute upon which plaintiff bases his right to recover is substantive in nature and cannot be applied retroactively to this suit. We affirm.

FACTS
Plaintiff, David Rusch, was involved in an automobile collision on May 21, 1990, when the vehicle he was driving was struck by a vehicle driven by Ashley Cook and owned by Sydney and Ashby Cook. The Cook vehicle was insured by United States Automobile Association (USAA). Rusch filed this suit against the Cooks and USAA. With respect to USAA, Rusch alleged that USAA failed to adjust his claim fairly and promptly and failed to settle his claim against its insured, which violates La.R.S. 22:1220 and the Louisiana Unfair Trade Practice Law.
USAA filed a motion to dismiss on exceptions of no cause of action and no right of action. USAA also filed a motion for summary judgment, claiming that La.R.S. 22:1220, which has an effective date of July 6, 1990, could not be applied retroactively to plaintiff's claims against it, since the accident forming the basis for this suit occurred on May 21, 1990. Also, it asserted that the Unfair Trade Practices Act did not apply to transactions which are subject to the jurisdiction of the Insurance Commissioner. The trial court denied the exceptions of no cause of action and no right of action, but granted the motion for summary judgment, dismissing plaintiff's claims for damages under La.R.S. 22:1220 and the Unfair Trade Practices Act.
This appeal, taken by plaintiff, followed, in which plaintiff challenges the action of the trial court in dismissing his claim under La.R.S. 22:1220.
La.R.S. 22:1220 provides as follows:
A. An insurer ... owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
*124 This provision was added by La. Acts 1990, No. 308 sec. 1, and has an effective date of July 6, 1990. It creates a duty on the part of the insurer to make reasonable efforts to settle claims with not only the insured, but also a third-party claimant. Hernandez v. Continental Casualty Insurance Co., 615 So.2d 484 (La.App. 4th Cir.1993).
Prior to the enactment of this statute, it was the jurisprudence of this state that the insurer owed to its insured a duty to act in good faith and to deal fairly when settling claims. Holtzclaw v. Falco, Inc., 355 So.2d 1279 (La.1978) (on rehearing). Thus, the first sentence of La.R.S. 22:1220, which provides that the insurer owes to his insured a duty of good faith and fair dealing, simply codified existing law. General Accident Insurance Company v. Watson, 610 So.2d 881 (La.App. 1st Cir.1992), writ denied, 612 So.2d 64 (La.1993). However, prior to the enactment of La.R.S. 22:1220, the insurer owed no such duties to a third-party claimant seeking recovery under a liability policy. In Bellah v. State Farm Fire and Casualty Ins. Co., 546 So.2d 601 (La.App. 3d Cir.1989), the court made it clear that the insurer's duty to settle runs only in favor of the insured, not an injured third-party claimant. Further, it was held that because a claimant is not an "insured" under an insurance policy, he is not entitled to an award of penalties and attorney's fees under La.R.S. 22:658, which requires an insurer to pay claims within 60 days of a satisfactory proof of loss. Williams v. State Farm Mutual Automobile Ins. Co., 517 So.2d 849 (La.App. 3d Cir.1987). In summary, before the enactment of this statute, insurance companies had no duties to third-party claimants who were not named insureds under the insurance contract. See Hernandez v. Continental Casualty Insurance Co., 615 So.2d at 491 (Plotkin, J. Dissenting).
One obvious purpose of this statute was to include third-party claimants in the class of persons to whom the insurer owes certain duties. In Premium Finance Company, Inc. v. Employers Reinsurance Corporation, 761 F.Supp. 450 (W.D.La.1991), a federal district court ruled that La.R.S. 22:1220 created new rights and liabilities where none previously existed, and thus constituted a substantive change in the law with respect to the duty of an insurer to settle claims. As a consequence, the court ruled that the statute could not be applied retroactively.
La.Civ.Code art. 6 and La.R.S. 1:2 set forth the general rule that a law can prescribe only for the future; no law is retroactive unless expressly stated. The rule of prospective application applies to laws that are substantive in nature; however, laws that are procedural, remedial or curative may be accorded retroactive effect. Graham v. Sequoya Corporation, 478 So.2d 1223 (La.1985). The statute at issue is silent as to whether it is to be applied retroactively.
A substantive law is one that creates an obligation, while a procedural, remedial or curative statute relates to the form of the proceeding or the operation of the laws. Graham v. Sequoya Corporation, 478 So.2d at 1226. We agree that the statute creates an obligation on the part of the insurer to settle claims with a third-party claimant, where no such obligation existed before. Consequently, the law is substantive and may not be applied retroactively.
The automobile accident forming the basis for the plaintiff's claim for damages resulting from the alleged failure of the insurer to make reasonable efforts to settle his claim occurred on May 21, 1990, prior to the July 6, 1990, effective date of the act. Plaintiff insists that the duty of the insurer to settle his claim was "continuing" after the effective date of the act, and therefore, since the conduct was still taking place after the effective date of the statute, summary judgment was improper. However, we disagree with this assertion. The event giving rise to the duty of the insurer to make reasonable efforts to settle with the claimant was the automobile accident: as of the date of the accident, the insurer had no legal obligation to settle claims with the plaintiff, a third-party claimant seeking recovery under the liability policy. We decline to impose a substantive *125 obligation on the insurer retroactively simply because settlement efforts were "continuing" after the effective date of the act.
Based on the foregoing, the judgment appealed from is affirmed. All costs of this proceeding are assessed to appellant, David Rusch.
AFFIRMED.