634 So.2d 40 (1994)
FEDERAL INSURANCE COMPANY, et al.
v.
ST. PAUL FIRE AND MARINE INSURANCE COMPANY, First National Insurance Company of America, the Hartford Insurance Company of the Southeast, the Aetna Casualty and Surety Company, United States Fidelity & Guaranty Insurance Company, Travelers Insurance Company, and State Farm Fire & Casualty Company.
No. 93 CA 0555.
Court of Appeal of Louisiana, First Circuit.
March 11, 1994.
*41 Denise Pilie, New Orleans, for plaintiff-appellant Jimmy Swaggart Ministries.
F. Lee Butler, New Orleans, for plaintiff-appellee Federal Ins. Co.
Terry Deffes, New Orleans, for defendant-appellee St. Paul Fire & Marine Ins. Co.
Thomas Usdin, New Orleans, for defendant-appellee First Nat. Ins. Co. of America.
Vincent Fornias, Baton Rouge, for defendant-appellee Hartford Ins. Co. of Southeast.
Rene Pastorek, Gretna, for defendant-appellee Aetna Cas. & Sur. Co.
W. Marvin Hall, Metairie, for defendant-appellee State Farm Ins. Co.
Katherine Muslow, New Orleans, for defendant-appellee Travelers Ins. Co.
Michael Fitzpatrick, New Orleans, for defendant-appellee Fidelity & Guar. Ins. Underwriters, Inc.
Frederick Bradley, New Orleans, for defendant-appellee Liability Assur. Soc., Ltd.
Before WATKINS, SHORTESS and FOGG, JJ.
WATKINS, Judge.
On May 1, 1990, Federal Insurance Company (Federal) and Jimmy Swaggart Ministries (JSM) filed a petition for a declaratory judgment and damages in the Nineteenth Judicial District Court, Parish of East Baton Rouge. Named as defendants were: St. Paul Fire and Marine Insurance Company (St. Paul), First National Insurance Company of America (FNICA), The Hartford Insurance Company of the Southeast (Hartford), The Aetna Casualty and Surety Company (Aetna), Fidelity and Guaranty Insurance Underwriters, Inc. (F & G Underwriters)[1], Travelers Insurance Company (Travelers), and State Farm Fire and Casualty Company (State Farm).
The Federal/JSM petition alleges that on March 24, 1987, a lawsuit was instituted by Marvin Gorman and Marvin Gorman Ministries in Civil District Court for Orleans Parish. The suit was against JSM, Jimmy Swaggart, and William D. Treeby, as well as a number of other individuals, churches and other entities. An amending petition by Gorman was filed on July 15, 1988, naming Frances Swaggart as a defendant, as well as several insurance companies allegedly providing coverage for the defendants in the Gorman suit.
The Federal/JSM petition further alleged that the Gorman suit arose out of actions and events surrounding the termination of Marvin Gorman from the Assemblies of God Ministries (AG) for conduct unbecoming a minister and indiscretions involving morals. Gorman alleged defamation, invasion of privacy, intentional infliction of emotional distress and conspiracy by JSM, Jimmy and Frances Swaggart, and Treeby. At the time the events allegedly occurred which gave rise to the allegations of the Gorman suit, JSM was a church affiliated with the General Council of the AG. At that time Jimmy Swaggart was an ordained minister who received his credentials from the Louisiana District Council of the AG. He was president of JSM, and was pastor of the Family Worship Center of Baton Rouge, which was JSM's local church *42 affiliated with the Louisiana District Council of the AG. Frances Swaggart was an officer and director of JSM, and Treeby was a director of JSM.
Federal had issued an executive liability and indemnification policy to JSM, and pursuant to the policy provisions, JSM, the Swaggarts and Treeby notified Federal of the Gorman litigation. Federal advised the insureds that the policy was excess to all other valid and collectible insurance. The Federal policy does not contain a defense obligation. However, the definition of "loss" includes payment of defense costs subject to the terms, conditions and limitations of the policy, which, Federal avers, is excess to those policies of the defendant insurers that provide for payment of defense costs.
The Federal/JSM petition alleged that the defendant insurers issued various policies, as follows: St. Paul issued comprehensive general liability policies, and FNICA issued broadcaster liability policies, to JSM, the Swaggarts, and Treeby; Aetna and Hartford issued homeowners policies to the Swaggarts; State Farm issued a homeowners policy to Treeby; and F & G Underwriters and Travelers issued comprehensive general liability policies with coverage to Treeby. The plaintiffs averred that all of the policies require the insurers to provide defenses to their insureds. The petition also stated that Federal and JSM are legally and conventionally subrogated to the claims of the Swaggarts and Treeby for defense costs, legal fees, and expenses incurred in defense of the Gorman suit.
The Federal/JSM petition specifically pled that "[d]espite more than sixty days lapsing since formal demand," the defendant insurers "arbitrarily and capriciously failed to undertake the defense obligation" and failed to make payment for defense costs incurred by their insureds, including but not limited to attorney's fees, costs, and expenses. Pursuant to LSA-R.S. 22:658, Federal/JSM demanded reimbursement of the defense costs in the Gorman suit, penalties, and attorney's fees incurred by Federal and JSM in the pursuit of the declaratory judgment.
On May 19, 1992, JSM filed an amended petition making a claim for all defense costs incurred or that portion of the payments made by it on behalf of the Swaggarts and Treeby from all defendant insurers, including Federal, plus interest and penalties thereon pursuant to LSA-R.S. 22:658 and LSA-R.S. 22:1220. Pursuant to LSA-R.S. 22:658, JSM sought to recover attorney's fees incurred in making the claim for defense costs. JSM alleged that pursuant to LSA-R.S. 22:1220, St. Paul, FNICA, Hartford, Aetna, USF & G (F & G Underwriters) and Travelers were liable to JSM for penalties.
Thereafter, the defendant insurers moved individually for, and were granted, partial summary judgments dismissing the LSA-R.S. 22:1220 claims for penalties on the ground that the effective date of the statute was subsequent to the commencement of the insurers' alleged duty to defend. The judgments were signed on October 2, 1992, in favor of St. Paul; on November 13, 1992, in favor of Aetna; on November 23, 1992, in favor of Hartford; and on November 30, 1992, in favor of FNICA. By orders of the district court and this court, the appeals taken by JSM to the four[2] summary judgments were consolidated.
We agree with the trial court that LSA-R.S. 22:1220 is inapplicable to the claims asserted by JSM, and we affirm the summary judgments.
The 1990 legislation, LSA-R.S. 22:1220, provides in pertinent part:
A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.

*43 B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:
(1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.
(2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.
(3) Denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without notice to, or knowledge or consent of, the insured.
(4) Misleading a claimant as to the applicable prescriptive period.
(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.
In its one assignment of error, JSM asserts that the trial court erred in granting summary judgment because the statute applies to all conduct by insurers committed after the statute's effective date, July 6, 1990. JSM reasons that although LSA-R.S. 22:1220 may not apply to their insurers' breaches of their duties to defend before the effective date of the statute, by continuing to refuse to defend JSM after the statute's passage, the insurers have exposed themselves to liability for statutory penalties.
We disagree. Instead, we find that our holding in Rusch v. Cook, 619 So.2d 122 (La.App. 1st Cir.1993), is controlling in the instant situation. In that case the plaintiff challenged the action of the trial court in dismissing his claim under LSA-R.S. 22:1220 on the ground that the automobile collision sued upon occurred prior to the effective date of the statute. The plaintiff alleged that the insurer of the other vehicle, United States Automobile Association (USAA), failed to adjust his claim fairly and promptly and failed to settle his claim in violation of LSA-R.S. 22:1220. The trial court granted USAA's motion for summary judgment, holding that the statute could not be applied retroactively to plaintiff's claims because the accident occurred before the statute was effective. In affirming the trial court, this court held that LSA-R.S. 22:1220 constituted a substantive change in the law with respect to the duty of an insurer to settle claims. We explained:
Plaintiff insists that the duty of the insurer to settle his claim was "continuing" after the effective date of the act, and therefore, since the conduct was still taking place after the effective date of the statute, summary judgment was improper. However, we disagree with this assertion. The event giving rise to the duty of the insurer to make reasonable efforts to settle with the claimant was the automobile accident.... We decline to impose a substantive obligation on the insurer retroactively simply because settlement efforts were "continuing" after the effective date of the act.
619 So.2d at 124, 125.
Likewise, in the instant case, the event giving rise to the duty of the insurers to defend their insureds, if the duty exists, was the Gorman suit instituted in 1988, two years prior to the enactment of the legislation JSM seeks to invoke. The fact that the plaintiff in Rusch was a claimant and the plaintiff herein is an insured is a distinction without a difference. Our holding in Rusch precludes application of LSA-R.S. 22:1220 to the claims of JSM.
Nor is there merit to the claim by JSM that the summary judgment in favor of FNICA on the applicability of LSA-R.S. 22:1220 is different from the summary judgments in favor of the other insureds. On September 10, 1992, JSM filed a motion for summary judgment against FNICA to determine whether FNICA had a duty to defend in the *44 Gorman litigation. The trial court held that FNICA had a duty to defend because a pre-trial order in the Gorman suit disclosed a possibility of liability under the FNICA policies, and the trial court granted partial summary judgment in favor of JSM.[3] In the instant appeal, JSM argues that because the pre-trial order in the Gorman suit was not entered until July 8, 1991, one year after the effective date of LSA-R.S. 22:1220, the summary judgment denying the LSA-R.S. 22:1220 penalty claim was in error. Suffice it to say that JSM's argument is unpersuasive. Pretermitting any discussion of the propriety of the trial court's reliance on the pre-trial order to determine the duty to defend, we hold that if a duty to defend existed, it existedalbeit unrevealedat the time the Gorman suit was filed, prior to the effective date of the statute. Thus, application of LSA-R.S. 22:1220 to the instant case would be an impermissible retroactive application of a substantive amendment.
Accordingly, we affirm the summary judgments dismissing JSM's claims for statutory penalties, and we cast appellants for costs of this appeal.
AFFIRMED.
NOTES
[1] The defendant was erroneously identified as United States Fidelity & Guaranty Insurance Company (USF & G) in plaintiffs' original petition and corrected in an amending petition.
[2] The plaintiffs have settled their claims with two of the insurers, State Farm and Travelers. The plaintiffs' claim for defense costs against F & G Underwriters is factually distinguishable from the claims raised in JSM's appeal.
[3] The partial summary judgment in favor of JSM and State Farm is being appealed by FNICA; see #93 CA 1099.