638 So.2d 723 (1994)
James H. JEFFRIES
v.
The ESTATE OF Byron L. PRUITT, et al.
No. 93 CA 1442.
Court of Appeal of Louisiana, First Circuit.
June 24, 1994.
*724 Robert P. Hogan, Madisonville, for plaintiff-appellant James H. Jeffries.
Burt K. Carnahan, Metairie, for defendant-appellee State Farm Mut. Auto. Ins. Co.
Before FOIL, PITCHER and PARRO, JJ.
PITCHER, Judge.
James H. Jeffries (plaintiff) appealed the judgment of the trial court maintaining the Peremptory Exception of No Cause and/or No Right of Action filed by the tortfeasor's liability insurer, State Farm Mutual Automobile Insurance Company (State Farm), and dismissing plaintiff's "bad faith" distribution claim against the insurer. We affirm.

FACTS
This matter arises out of a head-on collision which occurred on June 13, 1984 in St. Tammany Parish in which both drivers, Patsy Jeffries and Byron L. Pruitt, were killed instantly. Defendant, State Farm, insured both drivers.
Patsy Jeffries was survived by her husband, the plaintiff herein, and a minor son, Brad Milligan. Approximately two months after the fatal accident, State Farm settled the liability claim of Brad Milligan for 95% of the available Pruitt policy limits of $100,000.00.[1]
Subsequent to State Farm's settlement of his stepson's claim, plaintiff filed suit against State Farm and the Estate of Byron L. Pruitt seeking to recover damages for the wrongful death of Patsy Jeffries. Additionally, plaintiff asserted a bad faith claim in his original and first amending and supplemental petitions, alleging that State Farm, in its capacity as the liability insurer of Pruitt, acted arbitrarily and capriciously in settling Brad Milligan's claim. Pruitt's survivors filed identical actions against plaintiff and State Farm.
The trial court severed the bad faith claims pending a final adjudication of the wrongful death claims, which were consolidated for trial by jury. After trial, the jury determined that Pruitt was solely at fault in causing the accident. Accordingly, the trial court entered judgment in favor of plaintiff and against the defendants in conformity with the jury verdict which awarded damages in the *725 amount of $81,782.02, together with interest and costs.[2]
State Farm filed three peremptory exceptions of no cause and/or no right of action in defense of plaintiff's allegations of bad faith. The first two exceptions filed were summarily denied prior to trial of the wrongful death claims. On April 26, 1993, the trial court entered judgment granting the third exception of no cause and/or no right of action and dismissed plaintiff's bad faith claim against State Farm. Thereafter, plaintiff perfected this devolutive appeal, urging in a single assignment of error that:
The lower court erred as a matter of law in sustaining State Farm's Third Exception of No Cause and/or No Right of Action to the insurance "bad-faith" claims in Mr. Jeffries' petition, as amended on April 4, 1986, especially when the exception is virtually identical to its two previous peremptory exceptions, both of which were denied at the district court and at the appellate court levels.[3]

ASSIGNMENT OF ERROR
By means of this assignment of error, plaintiff asserts that the trial court erred as a matter of law in granting State Farm's peremptory exception pleading the objection of no cause and/or no right of action to plaintiff's original and amended petitions relative to plaintiff's allegations that State Farm was in bad faith in its negotiations of claims arising out of the automobile accident.
The peremptory exception pleading the objection of no cause of action is a procedural device used to test whether, under the allegations of the petition, the law affords any remedy for the grievance asserted. Stafford Construction Company, Inc. v. Terrebonne Parish School Board, 612 So.2d 847, 850 (La.App. 1st Cir.1992), writ denied, 614 So.2d 82 (La.1993); Ward v. Tenneco Oil Company, 564 So.2d 814, 820 (La.App. 3rd Cir.1990); Bellah v. State Farm Fire and Casualty Ins. Co., 546 So.2d 601, 603 (La. App. 3rd Cir.1989). The purpose of this objection is to determine the legal sufficiency of a petition, and for purposes of ruling on the exception pleading the objection of no cause of action, the court must accept all well-pleaded facts in the petition and any annexed documents as true. The court should sustain the exception only if the law affords no remedy under any evidence that is admissible under the pleadings. Stafford Construction Company, Inc. v. Terrebonne Parish School Board, 612 So.2d at 850; Hunt v. Milton J. Womack, Inc., 616 So.2d 759 (La.App. 1st Cir.), writ denied, 623 So.2d 1309 (La.1993). No evidence may be introduced to support or controvert the objection of no cause of action. LSA-C.C.P. art. 931.
The peremptory exception pleading the objection of no right of action, on the other hand, addresses itself to the question of whether the particular plaintiff falls, as a matter of law, within the general class in whose favor the law grants the cause of action sought to be asserted in the suit. Stafford Construction Company, Inc. v. Terrebonne Parish School Board, 612 So.2d at 851. The objection of no right of action is a threshold device to terminate a suit brought by one who has no interest in enforcing judicially the right asserted. Wonycott v. Wonycott, 579 So.2d 506, 508 (La.App. 4th Cir.1991).
In the instant case, plaintiff contends that Louisiana jurisprudence clearly recognizes *726 the validity of a third-party claimant's cause of action against a liability insurer based upon the insurer's alleged unreasonable and bad faith distribution of its limited policy proceeds among competing tort victims. Plaintiff contends that State Farm breached its legal duty to make a "good-faith" and "reasonable" distribution of the inadequate policy proceeds among competing claimants, despite State Farm's knowledge of pending tort claims against it. Specifically, plaintiff's argument is that State Farm's unilateral negotiation of a settlement with plaintiff's stepson two months after the accident, without advance notice to plaintiff and/or without his consent, and without the benefit of a concursus proceeding or declaratory action, was arbitrary and capricious.
In opposition to plaintiff's contentions, State Farm submits that prior to the enactment of LSA-R.S. 22:1220, the insurer owed no such duty to a third-party claimant seeking recovery under a liability policy who was not a named insured under the contract of insurance. We agree.
LSA-R.S. 22:1220 was added by La. Acts 1990, No. 308, sec. 1, effective July 6, 1990. In pertinent part, the statute provides:
A. An insurer ... owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
LSA-R.S. 22:1220 creates a duty on the part of the insurer to make reasonable efforts to settle claims not only with the insured, but also with a third-party claimant. Rusch v. Cook, 619 So.2d 122, 124 (La.App. 1st Cir.), writ denied, 625 So.2d 1043 (La. 1993). However, prior to the enactment of LSA-R.S. 22:1220, it was the well-settled jurisprudence of this state that the insurer owed to its insured a duty to act in good faith and to deal fairly when settling claims. Rusch v. Cook, 619 So.2d at 124; Holtzclaw v. Falco, Inc., 355 So.2d 1279, 1284 (La.1978) (on rehearing). Thus, the first sentence of the statute did constitute a change in the law; it simply codified existing law. Rusch v. Cook, 619 So.2d at 124.
On the other hand, as provided for in the second and third sentences of LSA-R.S. 22:1220, the statute created new rights and new obligations where none previously existed. The creation of an obligation on the part of the insurer to settle claims with a third-party claimant, where no such obligation existed before, constitutes a substantive change in the law with respect to the duty of an insurer to settle claims. Consequently, the statute may not be applied retroactively. Rusch v. Cook, 619 So.2d at 124; See LSA-C.C. art. 6; LSA-R.S. 1:2; Graham v. Sequoya Corporation, 478 So.2d 1223, 1225-26 (La.1985).
Even though third-party claimants are now included in the class of persons to whom the insurer owes certain duties, plaintiff is not such a claimant to whom an insurer owed an affirmative duty in settling claims at the time of the subject accident. The automobile accident giving rise to plaintiff's bad faith distribution claim for damages occurred on June 13, 1984, which was prior to the July 6, 1990 effective date of the act that created the duty of an insurer to make reasonable efforts to settle with a third-party claimant. Thus, since LSA-R.S. 22:1220 constitutes a substantive change in the law, it cannot be applied retroactively to the facts of the instant case to accord plaintiff the relief he seeks.
As noted above, an insurer has no affirmative duty to third-party claimants to settle claims prior to the July 5, 1990 effective date of LSA-R.S. 22:1220. The relevant law and jurisprudence was discussed in Bellah v. State Farm Fire and Casualty Ins. Co. There, the plaintiffs alleged that they were entitled to recover damages against the defendant's liability insurer for its alleged arbitrary and capricious failure to settle a claim on behalf of its insured before trial. The insurer filed a "Motion and Order to Strike" the petitioner's bad faith claim for damages, which was granted by the trial court. Construing the facts set forth in the motion as adequately alleging an exception of no cause of action, the appellate court determined that Louisiana law did not afford the plaintiffs *727 the remedy sought and affirmed the judgment of the trial court.[4] The court stated:
[I]t is clear that the law does not afford plaintiffs the remedy they seek. Mr. and Mrs. Small, and any other person(s) named or covered as insureds under their policy with State Farm are the only parties that may sue State Farm to recover damages against State Farm in the event that a judgment in excess of the policy limits is ultimately rendered against them because of State Farm's bad faith failure to settle the claim.
* * * * * *
... Louisiana law does not authorize plaintiffs, who are not insureds under State Farm's policy, to seek damages against State Farm for its alleged bad faith in settlement negotiations and for exercising its contractual right to provide a defense for the insured. Accordingly, we conclude the trial judge did not abuse his discretion in striking plaintiffs' bad faith cause of action and associated damage claim from plaintiffs' petition and dismissing such bad faith claim at plaintiffs' cost.
Bellah v. State Farm Fire and Casualty Ins. Co., 546 So.2d at 604, 605.
Clearly, the law existing at the time that State Farm's insured committed the tortious act established that a liability insurer's obligation is to its insured and not to third-party claimants.
When the foregoing legal principles are applied to the facts of the instant case, it is clear that the law does not afford plaintiff the remedy he sought at the time of the subject accident. Accordingly, we conclude that plaintiff has no cause and/or right of action to seek damages against State Farm for its alleged bad faith in negotiating a settlement with another claimant prior to an adjudication of its insured's liability. This assignment of error is without merit.

CONCLUSION
For the foregoing reasons, the judgment of the trial court maintaining the peremptory exception pleading the objection of no cause and/or no right of action in favor of defendant, State Farm, and against plaintiff, James H. Jeffries, is affirmed. All costs of this appeal are assessed against the plaintiff, James H. Jeffries.
AFFIRMED.
NOTES
[1] Suit was filed on behalf of Brad Milligan by his natural father, Robert J. Milligan.
[2] The judgment was affirmed on appeal in Jeffries v. Estate of Pruitt, 598 So.2d 379 (La.App. 1st Cir.), writ denied, 605 So.2d 1124 (La.1992). State Farm satisfied the judgment in full. Additionally, State Farm paid plaintiff the remaining $5,000.00 under the Pruitt liability policy as well as $25,000.00 in uninsured motorist benefits. Although its liability limit was $100,000.00, State Farm paid a total of approximately $255,000.00 on the Pruitt policy.
[3] Judgment denying the first exception was entered July 30, 1986 by Judge James R. Strain, Jr. State Farm's writ application to this court was denied on October 29, 1986. The case was subsequently transferred to Judge Remy Chaisson. Judge Chaisson entered judgment overruling the second exception on December 8, 1989. State Farm's second writ application was denied by this court on February 5, 1990 and by the Louisiana Supreme Court on April 6, 1990. Plaintiff's brief raises the issue of whether State Farm's third exception constitutes a recurrent violation of the "law of the case" doctrine. Our examination of the record revealed that it does not.
[4] The court noted that a "Motion to Strike" was not an authorized or proper way to procure the dismissal of a complaint or a cause of action.