Dear Mr. Guinn:
This office is in receipt of your recent opinion request in which you present the following questions for review:
Are the following students eligible for the Tuition Opportunity Program for Students (TOPS) in the following circumstances:
 1. A student who graduates from an out-of-state high school and who meets all residency and academic requirements under the terms of La. R.S. 17:3048.1 in the case where the out-of-state high school is not approved by the appropriate state education agency of that state when the option is available to the school to be approved by the state education agency?
 2. A student who graduates from an out-of-state high school and who meets all residency and academic requirements under the terms of La. R.S. 17:3048.1 in the case where the out-of-state high school is not approved by the appropriate state education agency of that state, which approval is available, but is approved by a private accrediting organization which operates within the state?
 3. A student who graduates from an out-of-state high school and who meets all residency and academic requirements under the terms of La. R.S. 17:3048.1 in the case where there is no procedure in the state for approval of private schools by an agency of the state?
By Act 165 of the 1998 First Extraordinary Session of the Legislature, the Legislature completely revised or made substantial additions to all of La. R.S. 17:3048.1.
The Subsection at issue in your inquiry, La. R.S.17:3048.1P.1(a) reads as follows:
 P. 1. Notwithstanding any initial student eligibility requirement of this Chapter to the contrary, a student shall be eligible to receive a TOPS-Tech Award pursuant to this Section provided each of the applicable following conditions are met:
 (a.) The student has been certified by the principal or headmaster to have graduated from an out-of-state high school which has been approved by the appropriate state educational agency in the state in which the school is located.
Civil Code Article 9 provides the general rule of law for construing or interpreting laws. That Article reads as follows:
 When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the Legislature.
Civil Code Article 11 provides as follows:
 The words of a law must be given their generally prevailing meaning.
 Words of art and technical terms must be given the technical meaning when the law involves a technical matter.
Additionally, La. R.S. 1:3 reads as follows:
 Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning in the law.
 The word "shall" is mandatory and the word "may" is permissive.
A jurisprudential rule of statutory construction has been formulated to provide that a statute must be construed as a whole, with all parts of the statute considered as a unit with the effect that any adopted interpretation gives the entire Act a rational and beneficial meaning consistent with the Act's purposes. Giles vs. Breaux, 160 So.2d 608 (La.App. 1964);State et rel. Warren Realty Company vs. City of New Orleans,76 So.2d 308 (La.App. 1954); and Premium Finance Company, Inc. vs.Employers Reinsurance Corp., 761 F. Supp. 450 (W.D. La. 1991).
In reviewing La. R.S. 17:3048.1, it is apparent that the Legislature intended that students who qualify for the TOPS Program have a core curriculum consisting of specific subjects which the student has studied and successfully completed. (See, for example, Subsection A(1)(e) and Subsection B(2)(b).)
In Louisiana, students have an opportunity to receive this core curriculum, whether the student attends a public or private school, if they attend a school which is approved by the State Board of Elementary and Secondary Education. (La. R.S. 17:10 and Article 8, § 4.) Thus, the Legislature can depend upon the Board of Elementary and Secondary Education to grant approval only to those schools which meet and maintain certain standards.
The law requires that "the appropriate state educational agency in the state in which the school is located" approve an out-of-state school in order to provide similar safeguards.
Subsection B sets forth the requirements which a student must meet to be a recipient of "TOPS-Tech Award." Contained within Subsection B is 2(d) which reads as follows:
 Students funded through the Louisiana Minimum Foundation Program and who are attending any high school in an adjoining state pursuant to an agreement in effect as of June 4, 1994, between the parish school system and the local governing authority of the school in the adjoining state shall be considered as having graduated from a state-approved non-public high school for the purpose of qualifying under this Section.
The foregoing Subsection is a clear indication that the Legislature was well aware that some public and private schools in adjoining states may not have "state approval."
In various Subparts of La. R.S. 17:3048.1, the Legislature used the language, "unless granted an exception for cause by the administrating agency." See for example, Subparts A(b), A(d), P3(b), and P4(b) and others.
In the Subsection which is the subject of your inquiry, La. R.S. 17:3048.1P.1(a), the Legislature chose not to include any language which would permit the administrating agency to grant an exception to the statutory requirements.
In conclusion, given the fact the Legislature substantially re-wrote all of La. R.S. 37:3048.1 and adhering to the Codal, statutory and jurisprudential rules regarding statutory interpretation, we decline to broaden the clear wording and meaning of La. R.S. 37:3048.1. Under Act 165 of the 1998 First Extraordinary Session, the Tuition Opportunity Program (TOPS) students who graduate from an out-of-state high school and who meet all residency and academic requirements under the statute must have attended a high school which is approved by the appropriate state education agency of the state in which the school is located unless the exception contained in Subsection B(2)(4) of La. R.S. 17:3048.1 is applicable.
With best regards,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _________________________ VIRGINIA A. ANTHONY
Assistant Attorney General
RPI/VAA/lgs