## SUPREME RULING OF THE FRATERNAL MYSTIC CIRCLE *v.* SNYDER.

### ERROR TO THE SUPREME COURT OF THE STATE OF TENNESSEE.

No. 34. Submitted December 16, 1912.—Decided February 24, 1913.

The State is entitled at all times to prevent the perversion of its legal machinery, and may require that it be availed of only *bona fide.*

To impose a penalty on those who unsuccessfully and not in good faith defend their liability on contracts does not violate the obligation of the contract: *Quære* whether the State could impose such a penalty as to prior contracts as a mere consequence of unsuccessful defense.

This court will not construe a state statute as including that which it expressly excludes on the ground that the statute's practical effect will be to include cases which are so excluded therefrom.

A state statute, imposing on insurance companies an additional specified proportionate amount of the policy where there has been an unsuccessful defense interposed not in good faith, is not unconstitutional as violating the contract clause of the Constitution; and so *held* as to a statute of Tennessee to that effect.

122 Tennessee, 248, affirmed.

THE facts, which involve the constitutionality under the contract clause of the Federal Constitution of a statute of Tennessee permitting the court to add certain amounts to the recovery on insurance policies where refusal to pay was not in good faith, are stated in the opinion.

*Mr. F. Zimmerman* for plaintiff in error:

The contract involved here was entered into in 1887. In 1901, the "added liability" act was passed. The State had no power to pass a law affecting preëxisting contracts under Art. I, § 10, of the Federal Constitution. *Bedford* v. *Eastern B. & L. Ass'n,* 181 U. S. 227.

This question has been before the court repeatedly on

attacks based on the "due process of law" and "the equal protection of the law" clauses of the Fourteenth Amendment. Such cases are no precedent here. Nor can the same reasoning be applied. Many of these cases arose out of tort and not out of contract. *Railroad Co.* v. *Ellis*, 165 U. S. 150; *Atchison &c. R. R. Co.* v. *Matthews*, 174 U. S. 96.

In all cases upheld against attack based on the Fourteenth Amendment it appeared that the statute was in existence at the time the contract was made. Hence the statute was impliedly written into the contract, and that was the paramount reason why the statute was upheld. *Mutual Life Ass'n* v. *Mettler*, 185 U. S. 308; *Orient Ins. Co.* v. *Daggs*, 172 U. S. 557; *St. Louis &c. R. R.* v. *Paul*, 173 U. S. 409; *John Hancock Ins. Co.* v. *Warren*, 181 U. S. 73; *New York Life* v. *Craven*, 187 U. S. 389; *Iowa Life* v. *Lewis*, 187 U. S. 344; *Farmers' Ins. Co.* v. *Dabney*, 189 U. S. 301.

In the case at bar, there was no statute imposing added liability to be written into the contract, but only the constitutional provision of Tennessee that the court should be open to every man without sale, denial or delay.

Nor is compelling the payment of debts a police regulation. *Atchison &c. R. R.* v. *Matthews*, 174 U. S. 96.

Hence the statute of Tennessee, if applied to the case at bar, could not be sustained under the Fourteenth Amendment.

When the statute of 1901 was passed, adding $750 to the obligation of the contract, defendant had a right to withdraw from the State and refuse to make new contracts. But it could not withdraw from contracts then in existence. As to these contracts, the imposition of added liability was an impairment of the contract. *Bedford* v. *Eastern B. & L. Ass'n*, 181 U. S. 227.

Defendant does not claim a vested right in any particular remedy or mode of procedure, but a right to an existing defense is property in the sense that it is incompetent for

the legislature to take it away. *Pritchard* v. *Norton,* 106 U. S. 124.

If the legislature can arbitrarily add twenty-five per cent. to the obligation of an existing contract it may, under the same authority, add five hundred per cent. *Barnitz* v. *Beverly,* 163 U. S. 118.

The power to tax involves the power to destroy. The power to modify at discretion the remedial part of a contract is the same thing. *Edwards* v. *Kearzey,* 96 U. S. 595.

Defendant does not deny that the legislature may change remedies. Whatever belongs merely to the remedy may be altered according to the will of the State, provided the alteration does not impair the obligation of the contract. But if that result is produced, it is immaterial whether it is done by acting on the remedy, or on the contract itself. In either case, it is prohibited by the Constitution. *Bronson* v. *Kinzie,* 1 How. 311; *McCracken* v. *Haywood,* 2 How. 608; *Howard* v. *Bugbee,* 24 How. 461; *Brine* v. *Hartford F. Ins. Co.,* 96 U. S. 627; *Shapley* v. *San Angelo,* 167 U. S. 657; *Edwards* v. *Kearzey,* 96 U. S. 595; *Seibert* v. *Lewis,* 122 U. S. 284; *Re City Bank of New Orleans,* 3 How. 272.

Among the multitude of state cases supporting this principle, see *Commoner's Court* v. *Rather,* 48 Alabama, 447; *County Com. Court* v. *King,* 13 Florida, 476; *Robinson* v. *Magee,* 9 California, 85; *Wilder* v. *Lumpkin,* 4 Georgia, 220; *Temple* v. *Hays,* Morris, 12; *Long* v. *Walker,* 105 Nor. Car. 98; *State* v. *McPeak,* 31 Nebraska, 143; *Foltz* v. *Huntley,* 7 Wend. 216; *Bank of Dom.* v. *McVeigh,* 20 Gratt. 466; *Roberts* v. *Cocke,* 28 Gratt. 215; *Mundy* v. *Monroe,* 1 Michigan, 71; *Swinburne* v. *Mills,* 17 Washington, 619; *Goggans* v. *Turnipseed,* 1 S. Car. 82; *Jacoway* v. *Denton,* 25 Arkansas, 641; *Homestead Cases,* 22 Gratt. 287.

The fact that the act tends to enforce the contract is immaterial if thereby the contract is impaired. Both parties have fixed rights under a contract, and the rights

of neither party can be impaired. *McCracken* v. *Haywood,* 2 How. 608; *Bedford* v. *Eastern B. & L. Ass'n,* 181 U. S. 227; Wade on Retroactive Laws, § 115.

It is one of the highest duties of the Supreme Court to take care that the constitutional prohibition against States impairing the obligations of contracts shall neither be evaded nor frittered away. *Murray* v. *Charleston,* 96 U. S. 432; *New Orleans Waterworks Co.* v. *Louisiana Sugar Refining Co.,* 125 U. S. 31; *Spencer* v. *Merchant,* 125 U. S. 352.

A law given a retroactive effect is unconstitutional if it so changes the existing remedies as materially to impair the rights and interests of a party to a contract. *Re City Bank of New Orleans,* 3 How. 292; *Auffm'ordt* v. *Rasin,* 102 U. S. 620.

The court will look beyond the wording of a statute, apparently fair upon its face, and consider the effect. The result of the present statute is that all insurance companies who defend a suit unsuccessfully are mulcted, while plaintiff is not. *Yick Wo* v. *Hopkins,* 118 U. S. 356.

An additional remedy can be given only where it does not impair any substantial right of the other party. *New Orleans &c. R. R.* v. *Louisiana,* 157 U. S. 219.

*Mr. J. B. Sizer* and *Mr. Robert Pritchard* for defendant in error.

Mr. Justice Hughes delivered the opinion of the court.

In 1887, the plaintiff in error issued a certificate or policy of insurance for three thousand dollars upon the life of Charles C. Snyder. His wife, the defendant in error, was the beneficiary. He died in 1908, and liability upon the policy having been denied by the company this suit was brought by Mrs. Snyder in the Chancery Court of Tennessee to compel payment. The court gave judg-

ment in her favor and finding that the refusal to pay was not in good faith added to the recovery twenty-five per cent. of the principal, or $750, which was adjudged to be "reasonable compensation and reimbursement to the complainant" for the "additional loss, expense and injury" which had been inflicted upon her as the holder of the policy by the refusal. This addition was made pursuant to an act passed by the legislature of Tennessee in 1901 (April 18, 1901, Acts of 1901, c. 141, p. 248). The Supreme Court of the State, sustaining the statute, affirmed the judgment and the insurance company has sued out this writ of error. 122 Tennessee, 248.

The sole Federal question for decision is whether the above-mentioned statute, as applied, impaired the obligation of the contract in suit and thus violated Art. I, § 10, of the Constitution of the United States.

The act in question provides:

"Section 1. . . . . That the several insurance companies of this State, and foreign insurance companies and other corporations, firms or persons doing an insurance business in this State, in all cases when a loss occurs and they refuse to pay the same within sixty days after a demand shall have been made by the holder of said policy on which said loss occurred, shall be liable to pay the holder of said policy, in addition to the loss and interest thereon, a sum not exceeding twenty-five per cent. on the liability for said loss; Provided, that it shall be made to appear to the Court or Jury trying the case that the refusal to pay said loss was not in good faith, and that such failure to pay inflicted additional expense, loss or injury upon the holder of said policy; and, provided, further, that such additional liability within the limit prescribed shall, in the discretion of the Court or Jury trying the case, be measured by the additional expense, loss and injury thus entailed.

"Section 2. . . . That in the event it shall be made

to appear to the Court or Jury trying the cause that the action of said policy holder in bringing said suit was not in good faith, and recovery under said policy shall not be had, said policy holder shall be liable to such insurance companies, corporations, firms or persons in a sum not exceeding twenty-five per cent. of the amount of the loss claimed under said policy; Provided, that such liability, within the limits prescribed shall, in the discretion of the Court or Jury trying the cause, be measured by the additional expense, loss or injury inflicted upon said insurance companies, corporations, firms or persons by reason of said suit."

The contention is that the provision for added liability placed a burden upon the assertion of the rights which the contract secured and thus in effect changed the contract by allowing a recovery to which the parties had not agreed and which was not sanctioned by the law as it existed at the time the contract was made. *Bronson* v. *Kinzie*, 1 How. 311, 317; *Barnitz* v. *Beverly*, 163 U. S. 118; *Bedford* v. *Eastern Building & Loan Ass'n*, 181 U. S. 227; *Oshkosh Water Works Co.* v. *Oshkosh*, 187 U. S. 437, 439. It is pointed out that in the cases in which statutes have been sustained providing for the addition to the recovery of attorneys' fees or damages, or penalties, the question arose under the Fourteenth Amendment, and that, so far as they applied to suits upon contracts, the latter had been made after the enactments. *Atchison, T. & S. F. R. R. Co.* v. *Matthews*, 174 U. S. 96; *Fidelity Mutual Life Ass'n* v. *Mettler*, 185 U. S. 308, 322; *Iowa Life Insurance Co.* v. *Lewis*, 187 U. S. 335, 355; *Farmers' &c. Insurance Co.* v. *Dobney*, 189 U. S. 301, 304, 305; *Seaboard Air Line Railway* v. *Seegers*, 207 U. S. 73; *Yazoo & Miss. Valley R. R. Co.* v. *Jackson Vinegar Co.*, 226 U. S. 217.

What, then, is the effect of the statute with respect to preëxisting contracts? It is at once apparent that it does not purport to affect the obligation of the contract in

any way. It does not attempt to change or to render nugatory any of the terms or conditions of the policy of insurance, or to relieve the insured from compliance with any stipulation it contained. It does not seek to give a right of action where none would otherwise exist or to deprive the company of any defense it might have. If the company is not liable according to its contract, it is not required to pay. Nor does the statute permit a recovery of expenses or added damages as a mere consequence of success in the suit. The question whether the State may so provide as to prior contracts is not before us, and we express no opinion upon it.

The statute is aimed not at the rights secured by the contract but at dishonest methods employed to defeat them. The additional liability is attached to bad faith alone. This is the necessary effect of the proviso. It is only when it is "made to appear to the court or jury trying the case that the refusal to pay said loss was not in good faith" that the added recovery may be had. It must also appear that such refusal inflicted "additional expense, loss or injury" upon the policy holder, and it is this further expense, loss or injury that measures the amount to be allowed, which is not to exceed twenty-five per cent. of the liability on the policy.

It cannot be said that this effort to give indemnity for the injuries which would be sustained through perverse methods and through an abuse of the privileges accorded to honest litigants imposed a burden upon the enforcement of the contract. Neither the contract, nor the existing law which entered into it, contemplated contests promoted in bad faith or justified the infliction of loss by such means. The State was entitled at all times to take proper measures to prevent the perversion of its legal machinery, and there was no denial or burdening, in any proper sense, of the existing remedies applicable to the contract by the demand that they be availed of *bona fide.*

But we are asked to look behind the language of the statute and to assume that its effect is to impose the additional liability in the absence of bad faith. That is, we are to take the statute as including what it expressly excludes—as allowing what it explicitly denies. The act does not make the mere refusal to pay sufficient evidence of bad faith so as to justify the added recovery; it requires that the bad faith be shown and that the consequent additional loss be shown. And the state court so construed the statute in the application that was made of it in the present case.

The trial court adjudged that the refusal of the company to pay the amount of the policy was not in good faith, and the amount allowed was determined to be a reasonable compensation for the resulting damage. The evidence before the court—save a small portion of it—is not in the record. The fact must be taken to be as found. The statute, judged by its provisions as they have been construed and applied, cannot be regarded as an impairment of the obligation of the contract.

*Judgment affirmed.*