LAND, J.
In the case of Central Glass Co., Ltd., v. Niagara Fire Insurance Company, 131 La. 513, 59 South. 972, this court held that Act No. 168 of 1908, § 3, providing for payment within 60 days after receipt of proofs of loss, under a fire policy, subject to a penalty, in case of default, of 12 per cent, damages on the total amount of loss as determined by the court, together with all reasonable attorney’s fees for the prosecution •and collection of such loss, does not apply to policies issued before the law became operative, and, if so applied, would impair the obligation of contracts. In the same case we overruled the case of Monteleone v. Seaboard Fire Ins. Co., 126 La. 807, 52 South. 1032, holding the contrary.
Subsequently the Supreme Court of the United States held that a statute of the state of Tennessee, imposing on insurance companies a penalty not exceeding 25 per cent, on the amount of the loss, where the refusal to pay said loss was not in good faith, did not violate the obligation of the contract. See Fraternal Mystic Circle v. Snyder, 227 U. S. 497, 33 Sup. Ct. 292, 57 L. Ed. 611.
Our learned brothers of the Court of Appeal, being in doubt whether they should follow the Central Glass Company Case or the case of the Fraternal Mystic Circle, have applied to this court for instructions, and submit for answer the following question:
“(1) Does the language of Mr. Justice Nicholls in the Monteleone Case, to the effect that the imposition of a penalty is not arbitrary but discretionary with the court, bring the Louisiana statute within the purview of the opinion of the Snyder Case?
“(2) Does the decision in the Snyder Case modify that in the Niagara Case, or does the rule announced in the Niagara Case remain unaffected, that penalties are not recoverable under the Act of 1908 on policies issued before the law became operative?”
The Tennessee statute, as construed by the U. S. Supreme Court, is aimed at. dishonest methods employed to defeat the rights secured by the contract of insurance, and an abuse of the privileges accorded to honest litigants. The court said:
“The additional liability is attached to bad faith alone.”
And, further, that the statute—
“does not attempt to change or to render nugatory any of the terms or conditions of the policy of insurance, or to relieve the insured from compliance with any stipulation it contained. * * *
“Nor does the statute permit a recovery of expenses or added damages as a mere consequence of success in the suit. The question whether the state may so provide as to prior contracts is not before us, and we express no opinion upon it.”
In the Central Glass Company Case, supra, we held that Act 168 of 1908 did not apply to policies issued before the law became operative, and, secondly, that, if so applied, it would change the stipulations of the policy, and therefore would impair the obligations of the contract.
While the reasoning of the Monteleone *601 Case is on the general line of the reasoning in the case decided by the U. S. Supreme Court, we do not think that the reasoning in the former case was justified by the provisions of our statute.
We therefore answer the first question and the first clause of the second question in the negative, and we answer the second clause of the secqnd question in the affirmative.