|2CRAIN, Judge.

BACKGROUND

John Manuel was injured when the automobile he was driving collided with a vehicle driven by an Iberville Parish Sheriffs Deputy. It is uncontroverted that the deputy was at fault in causing the collision, and that at the time of the accident, the deputy was within the course and scope of his employment with the sheriffs department. The accident occurred on March 11, 1988. John and Patricia Manuel subsequently filed suit against several defendants, including the Sheriff, the Sheriffs primary and excess liability insurers, the Louisiana Sheriffs Risk Management Fund together with the Fund’s excess insurers. The excess insurers were part of a syndicate of British insurers. Plaintiffs subsequently settled with all defendants but the excess insurers. Subsequent to the filing of the personal injury suit several of the individual insurers of the syndicate became insolvent and were placed in receivership by the British government. By letter dated November 18, 1991, the excess insurers agreed to settle the case for the sum of $350,000. Approximately $320,000 of that sum was to be paid in cash; the balance was to be by an assignment of claims by the Louisiana Sheriffs Risk Management Program against the insolvent carriers. Apparently the $320,000 was not paid to plaintiffs until January 24, 1992 and the assignment of claims was not forwarded to plaintiffs until March 5, 1992.
In June, 1992 plaintiffs filed an action for statutory penalties and damages pursuant to La.R.S. 22:1220(B)(2) (failing to pay within 30 days after an agreement has been reduced to writing) against the Sheriff, the Sheriffs Risk Management Fund, the participants in the program, the Louisiana Sheriffs Association and the individual excess insurers. Anglo American Insurance Company, one of the individual excess insurers in this action, filed the peremptory exception raising the objection of no cause of action. After a hearing on the matter, the trial court maintained the exception on the grounds that La.R.S. 22:1220 is a substantive law and its application in this case would be | ¡¡retroactive, resulting in alteration of substantive rights and obligations. Plaintiffs have appealed alleging the trial court erred in maintaining the exception. Anglo American answered contending the appeal is frivolous and seeking damages including attorney fees and court costs.

STATEMENT OF THE CASE

La.R.S. 22:1220 provides in part as follows:
“A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer’s duties imposed in Subsection A:
(1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.
(2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.
(3) Denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without notice to, or knowledge or consent of, the insured.
*365 (4) Misleading a claimant as to the applicable prescriptive period.
(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.
D. The provisions of this Section shall not be applicable to claims made under health and accident insurance policies.”
(Emphasis added)
| ¿The effective date of this statute is July 6, 1990, which is subsequent to the date of the accident and the date of issuance of the insurance contract. However, the statute was effective before the settlement was reduced to writing and the insurers’ subsequent delay in payment of the settlement. Prior to the enactment of La.R.S. 22:1220 an insurer had no duty to a third party claimant. A duty was owed only to the insured. However, prior to the enactment of La.R.S. 22:1220, an insurer was liable to the insured for statutory penalties and attorney fees pursuant to La.R.S. 22:658 for arbitrary and capricious failure to timely pay a valid claim after receipt of adequate proof of loss from the insured.

RETROACTIVITY IN GENERAL

There is a codal and statutory prohibition against the retroactive application of substantive laws. La.C.C. art. 6; La.R.S. 1:2; St. Paul Fire & Marine Insurance Co. v. Smith, 609 So.2d 809 (La.1992). Thus, laws affecting substantive rights generally do not apply retroactively. Petroleum Helicopters, Inc. v. Avco Corp., 513 So.2d 1188 (La. 1987). Generally, the «rights and obligations of an insurer arise on the date the policy is issued. Thus, where a statute is not in effect at the time of issuance of the policy the statute is generally not retroactively applied. Segura v. Frank, 93-1271, 93-1401 (La. 1/14/94); 630 So.2d 714 (La.) cert. denied sub nom Allstate Insurance Co. v. Louisiana Insurance Guar. Ass’n., — U.S.—, 114 S.Ct. 2165, 128 L.Ed.2d 887 (1994). Block v. Reliance Ins. Co., 433 So.2d 1040 (La.1983). The legislature has the power, however, to enact laws, even substantive laws, and give them retroactive application. Its power to enact such laws is tempered by the due process and contract clauses of the state and federal constitutions. Article 1, section 2 of the Louisiana Constitution of 1974 (Due Process Clause) provides: “No person shall be deprived of life, liberty, or property, except by due process of law,” The contract clauses of the state and federal constitutions have been described by the supreme court to be “virtually identical” and “substantially equivalent.” Board of Commissioners of Orleans Levee District v. I5Department of Natural Resources, 496 So.2d 281, 291 (La.1986). Section 23 of Article 1 of the Louisiana Constitution of 1974 provides: “No bill of attainder, ex post facto law, or law impairing the obligation of contracts shall be enacted.” However, the constitutional prohibition against impairing the obligations of contracts “must be accommodated to the inherent police power of the state to safeguard the vital interests of its people.” Segura v. Frank, 630 So.2d at 728.

RETROACTIVITY OF LA R.S. 22:1220

In order to determine whether a legislative enactment is to be applied retroactively or prospectively the court must look to the act to determine whether the legislature expressed its intent regarding retrospective or prospective application. If there is no such legislative expression, the court must then classify the enactment as substantive, procedural or interpretative. Cole v. Celotex Corp., 599 So.2d 1058 (La.1992).
Section 2 of Act 308 of 1990 provides that the Act is to become effective upon signature of the governor or if not signed by the governor, upon expiration of the time *366 provided in the, state constitution. This is not sufficient evidence of legislative intent to require only prospective application. Jackson v. Dendy, 93-0905 (La.App. 1st Cir. 6/24/94) 638 So.2d 1182. The following step in the analysis is to proceed to classify the act as substantive, procedural or interpretive.
“Substantive laws establish new rules, rights, and duties or change existing ones. Procedural laws prescribe a method for enforcing a substantive right and relate to the form of the proceeding or the operation of the laws. Interpretive laws merely establish the meaning the interpreted statute had from the time of its enactment.”
Segura v. Frank, 93-1271, 93-1401 (La. 1/14/94); 630 So.2d at 723 (citations omitted).

Treatment of La.R.S. 22:1220 by this Court

This court has refused to apply La.R.S. 22:1220 in situations where the insurance policy was issued prior to the effective date of the statute and the occurrence triggering payment of an insurance claim also occurred before the effective date. Rusch v. 6Cook, 619 So.2d 122 (La.App. 1st Cir.), writ denied, 625 So.2d 1043 (La.1993); Champagne v. Hartford Casualty Insurance Group, 607 So.2d 752 (La.App. 1st Cir.1992); Francis v. Travelers Ins. Co., 581 So.2d 1036 (La.App. 1st Cir.), writs denied, 588 So.2d 1114, 1121 (La.1991). In the eases in which application of the statute was denied, it was done for the stated reason that application of the statute would result in the retroactive application of a substantive law, thereby impairing the obligations of contracts.
In Francis v. Travelers Insurance Co., 581 So.2d at 1036, this court refused to apply La.R.S. 22:1220 to a case in which the alleged statutory violations occurred, judgment was rendered and appeal was filed prior to its effective date.
In Champagne v. Hartford, 607 So.2d at 752, we refused to apply La.R.S. 22:1220 to an act of misrepresentation of the amount of coverage by a UM insurer, an alleged violation of La.R.S. 22:1220(B)(1), to a plaintiff who was a covered employee under his employer’s UM insurance policy. Both the act of misrepresentation and the consent judgment whereby the insurer acknowledged the correct amount of coverage, occurred before the effective date of the act. We reasoned that to apply La.R.S. 22:1220 to the insurer for the misrepresentation, when both the misrepresentation and the subsequent acknowledgment of the correct amount of coverage occurred before the effective date would be a retroactive application of the statute and would alter substantive rights of the parties to the insurance contract.
Plaintiff in Champagne also sought penalties pursuant to subsection (B)(5) for Hartford’s failure to pay the claim due within 60 days of receipt of satisfactory proof of loss. Defendant insurer was in receipt of satisfactory proof of loss by July 10, 1990; the statute became effective July 6, 1990; and trial was held in January, 1991. We held the statute was applicable to the insurer for its failure to timely pay the claim in violation of subsection (B)(5), because the insurers’ actions occurred after the effective date of the statute. No penalties were recovered, hhowever, because we found plaintiff failed to show damages suffered as a result of defendant insurer’s breach of duty.
Subsequent to our decision in Champagne v. Hartford, 607 So.2d at 752, another panel of this court declined to apply La.R.S. 22:1220 under facts in which an automobile accident occurred one month prior to the effective date of La.R.S. 22:1220. Rusch v. Cook, 619 So.2d at 124. Champagne v. Hartford, 607 So.2d at 752 was not cited by the Rusch court. Plaintiff in Rusch, was injured in an automobile accident on May 21, 1990. Plaintiff subsequently instituted a personal injury action against the insured tortfeasor and the tortfeasor’s insurer, USAA. Against USAA, plaintiff also sought statutory penalties and damages pursuant to La.R.S. 22:1220, alleging USAA failed to fairly and promptly attempt to settle plaintiff’s claim. The Rusch court stated that prior to the enactment of La.R.S. 22:1220, an insurer owed no duty to claimants who were not named insureds under the insurance policy. The duty to settle arose at the time of the accident and continued after the effective date of La.R.S. 22:1220. An application of the statute in that situation would amount to *367 imposing a substantive obligation retroactively-
The recent cases of Jeffries v. Estate of Pruitt, 93-1442 (La.App. 1st Cir. 6/24/94); 638 So.2d 723 and Federal Insurance Co. v. St. Paul Fire and Marine Insurance Co., 93-0555 (La.App. 1st Cir. 3/11/94); 634 So.2d 40, arising from this court also involved application of La.R.S. 22:1220 to situations where the event triggering the obligation arose prior to the effective date and continued after the effective date. In each instance we refused to apply La.R.S. 22:1220. Until this time Champagne v. Hartford, 607 So.2d at 752 is the only first circuit case where the triggering event occurred after the effective date of La.R.S. 22:1220 although the accident occurred before. In that instance, we applied the statute but recovery was not allowed for other reasons.

NON-RETROACTIVITY OF LARS. 22:1220 To EVENTS OCCURRING AFTER THE EFFECTIVE DATE

For reasons discussed below we hold that although La.R.S. 22:1220 creates new rights, duties and liabilities regarding the 1 ginsurer, insured and non-insured claimant, its application to actions which occur after its effective date is prospective, not retroactive, regardless of whether the insurance policy and ensuing accident or injury pre-existed the effective date; nor does it impair the obligations of contracts. A review of the jurisprudence discussed below regarding the application of this and similar penalty statutes under similar facts and circumstances as those of the ease before us, convinces us that we are correct in so doing.
In Central Glass Co. v. Niagara Fire Ins. Co., 131 La. 513, 59 So. 972 (1912), the supreme court refused to apply Act No. 168 of 1908 to an insurance policy already in existence at the time of the Act’s passage. The subject matter of Act 168 of 1908 is now contained in La.R.S. 22:658. Act 168 required an insurance company to pay a claim within 60 days from notice of loss and imposed penalties and attorney fees for its failure to do so. This was a change from the prior law in effect at the time the insurance policy was issued. The court distinguished between a change in the remedy and a change in the contract itself:
“By the remedy, as distinguished from the obligation of the contract, we understand the means of judicially enforcing the contract. And by the Legislature having complete control over the remedy we understand that the parties cannot by their contract deprive the Legislature of its power to regulate the manner in which the power of the courts shall be exercised for the enforcement of contracts.
[[Image here]]
But we do not understand that the Legislature has control over stipulations or conditions inserted in a contract as integral parts thereof, and not needing recourse to the judicial tribunals for being efficient. To allow the Legislature to change the contract in such features as these, existing solely by the will of the parties, and operating without need of any recourse to the judicial tribunals, would be to allow the Legislature to change or impair the contract of the parties. Even when such conditions and stipulations have come into the contract, not by express agreement, but merely as an effect of the existing law being read into the contract, they are beyond legislative control, if they have become integral parts of the contract.”
The court found that in the insurance contract at issue the parties had stipulated to the delay within which payment became due and the manner in which the insured was to furnish proof of loss. Because IgAct 168 changed those stipulations, the court held that its application to the pre-existing insurance policy would unconstitutionally impair the obligations of contracts and alter substantive rights of the parties under the policy.
Subsequent to the supreme court’s decision in Central Glass Co. v. Niagara Fire Ins. Co., 59 So. at 972, the United States Supreme Court decided Supreme Ruling of the Fraternal Mystic Circle v. Snyder, 227 U.S. 497, 33 S.Ct. 292, 57 L.Ed. 611 (1913). In Snyder, a life insurance policy was issued in 1887 on the life of Mr. Snyder, a Tennessee resident. In 1901, the Tennessee legislature enacted a statute imposing statutory *368 penalties upon an insurer which refused to pay a valid claim within 60 days after demand on the policy. Mr. Snyder died in 1908. Mrs. Snyder, the beneficiary, sued the insurer to compel payment. The trial court imposed statutory penalties pursuant to the 1901 statute at issue. Defendant insurer argued that the added liability places a “burden upon the assertion of the rights which the contract secured, and thus in effect changed the contract by allowing a recovery to which the parties had not agreed, and which was not sanctioned by the law as it existed at the time the contract was made.” Id. at 502, 33 S.Ct. at 293. To this argument the Supreme Court responded:
“What, then, is the effect of the statute with respect to pre-existing contracts? It is at once apparent that it does not purport to affect the obligation of the contract in any way. It does not attempt to change or to render nugatory any of the terms or conditions of the policy of insurance or to relieve the insured from compliance with any stipulation it contained. It does not seek to give a right of action where none would otherwise exist, or to deprive the company of any defense it might have. If the company is not liable according to its •contract, it is not required to pay. Nor does the statute permit a recovery of expenses or added damages as a mere consequence of success in the suit. The question of whether the state may so provide as to prior contracts is not before us, and we express no opinion upon it.
[[Image here]]
It cannot be said that this effort to give indemnity for the injuries which would be sustained through perverse methods and through an abuse of the privileges accorded to honest litigants imposed a burden upon the enforcement of the contract. Neither the contract nor the existing law which entered into it contemplated contests promoted in bad | ipfaith, or justified the infliction of loss by such means. The state was entitled at all times to take proper measures to prevent the perversion of its legal machinery, and there was no denial or burdening, in any proper sense, of the existing remedies applicable to the contract by the demand that they be availed of bona fide.”
Id. at 502-03, 33 S.Ct. at 293-294 (Emphasis ours).
Upon certification of a question from the court of appeal regarding whether it should follow the case of Central Glass v. Niagara, 59 So. at 972 or Fraternal Mystic Circle v. Snyder, 227 U.S. at 497, 33 S.Ct. at 292 the supreme court distinguished the cases. Central Glass Co. v. Hamburg-Bremen Fire Ins. Co., 133 La. 598, 63 So. 236 (1913). In so doing it stated that the penalty statute at issue in Fraternal Mystic Circle v. Snyder, 227 U.S. at 497, 33 S.Ct. at 292 was aimed at dishonest methods employed to defeat rights secured by the insurance contract and abuse of the privilege accorded to honest litigants; it did not alter the terms or conditions of the policy; it did not attempt to relieve the insured from compliance with any conditions of the policy; the penalty was solely dependent on bad faith; and the issue of application of the statute to a pre-existing policy was not before the court. The court continued, that had Act 168 of 1908 been applied to the insurance policy at issue in Central Glass v. Niagara, 59 So. at 972, it would have resulted in changing the stipulations of the policy, thus having the effect of impairing the obligations of contracts.
In Wright v. National Surety Corp., 221 La. 486, 59 So.2d 695 (1952), the supreme court indicated its approval of the application of penalty statutes against an insurer in cases where the insurance policy was issued before the effective date of the enactment. It applied for the first time La.R.S. 22:658[1] to the actions of a worker’s compensation insurer for its arbitrary and capricious refusal to pay a valid claim.[2] Therein the court stated:
*369 | n“LSA-R.S. 22:658 is remedial in nature even though it imposes penalties. Supreme Ruling of the Fraternal Mystic Circle v. Snyder, 227 U.S. 497, 38 S.Ct. 292, 57 L.Ed. 611. Therefore, it is applicable to policies issued prior to its enactment and to liability for insurance incurred thereunder before its effective date when the payments due are arbitrarily withheld for more than 60 days thereafter. Statutes of this kind have been held invulnerable to charges that they are violative of the due process and equal protection clauses of the Fourteenth Amendment to the Federal Constitution and that they impair the obligation of contracts.... ”
Id., 59 So.2d at 698-699, n. 2 (Emphasis ours).
In Davis v. United Fruit Co., 120 So.2d 273 (La.App.Orl.1960), citing Wright v. National Surety Corp., 59 So.2d at 695, the court of appeal awarded statutory penalties pursuant to La.R.S. 23:1201.2 (as amended by section 1 of Act 432 of 1958) to a self-insured employer which, prior to the amendment, had been exempt from the penalty statute. La.R.S. 23:1201.2 provides for statutory penalties and attorney fees in worker’s compensation cases where the insurer arbitrarily and capriciously fails to timely pay claims. The amendment was effective July 30,1958. Prior to its amendment only insurers, not self-insured employers, were so liable. Plaintiffs prayed for penalties and attorney fees for acts of the self-insured employer which occurred after the effective date of the statute. The court determined the amendment had a remedial purpose which was the correction of a recognized abuse and to reform existing rights; it did not affect the substantive rights of the parties nor did it impair the obligations of the contract existing between them.
Similar reasoning has resulted in the imposition of statutory penalties and attorney fees pursuant to La.R.S. 22:657[3] against the State of Louisiana when the actions of the state as a self-insurer occurred after the effective date of a statutory amendment which speeifi-cally included the state as an insurer susceptible to such claims. Prior to the amendment of La.R.S. 22:657 by Act 240]i2of 1979, the State of Louisiana was not considered an insurer against which the statute was applicable. The effective date of the amendment was September 7, 1979. The claims were submitted on October 5, 1979. The court held that the cause of action against the insurer pursuant to La.R.S. 22:657 arose 30 days after the insurer failed to make payment on the claims. The cause of action was not dependent on the rights and obligation to the parties vis a vis the insurance contract at the time the policy was issued. Blewer v. Continental Assurance Co., 394 So.2d 842 (La.App. 3d Cir.), writ denied, 399 So.2d 602 (La.1981).
Conversely, where a claim for medical expenses was made against the State of Louisiana Employees Uniform Group Benefits Program and the claim was paid prior to the effective date of the amendment, the amendment was held not applicable. The court reasoned that to apply the amendment under these conditions would retrospectively alter the substantive rights of the parties. Nelson v. Continental Casualty Co., 412 So.2d 701 (La.App.2d Cir.), writ denied, 413 So.2d 507 (La.1982).
In Hidalgo v. Old Hickory Insurance Co., 630 So.2d 252 (La.App. 5th Cir.1993), writs denied, 94-0399, 94-0381 (La. 3/25/94); 635 So.2d 240, the plaintiff, an insured under her own UM policy, sought damages pursuant to La.R.S. 22:1220 against her UM insurer. The accident giving rise to the insurance claim occurred prior to the effective date. Trial on the insurance claim and the demand for statutory penalties pursuant to La.R.S. 22:658 and 1220 occurred in August, 1990, one month after the effective date of La.R.S. 22:1220. The trial court declined to apply section 1220. Affirming the trial court’s holding in this regard the reviewing court statéd:
“[T]he trial court correctly declined to apply the statutory penalty provisions of *370 LSA-R.S. 22:1220 to this case. That statute imposes on the insurer a substantive duty of good faith and fair dealing in the settlement of claims. Thus, LSA-R.S. 22:1220 cannot be applied retroactively to a claim, such as plaintiff-appellee’s, which arose before the statute’s effective date. See Rusch v. Cook, 619 So.2d 122 (La.App. 1st Cir.1993).”
Id. at 256. The fifth circuit again addressed the issue of | ^retroactivity regarding the application of La.R.S. 22:1220 in Tarver v. Eckstein Marine Service, Inc., 93-796, 93-797, (La.App. 5th Cir. 2/23/94); 633 So.2d 764. Under the facts of Tarver, a marine collision occurred between two vessels prior to the effective date of La.R.S. 22:1220. Plaintiffs filed suit against defendants as a result of the accident. A written compromise agreement was subsequently executed between plaintiffs and defendant shipowner in 1993. Approximately three months later plaintiffs had not received payment from defendant, thus they instituted an action pursuant to La.R.S. 22:1220. The court distinguished Tarver from previous decisions of that circuit, including Hidalgo v. Old Hickory, 630 So.2d at 252, by stating that in Hidalgo the events giving rise to the insurance claim and to the statutorily imposed duty occurred before the effective date of La.R.S. 22:1220. The court further stated that the statute at issue reflects a substantive change in the law thus requiring prospective application only. It was applicable under the facts of Tarver because the triggering event for the claim for penalties, the insurer’s failure to pay within 30 days from the date the March 25, 1993, agreement was reduced to writing, occurred after the effective date. The court reasoned:
“Even though the accident occurred (February 22, 1990) before the effective date of the statute (July 6, 1990), the failure to pay the settlement within thirty days after the settlement is reduced to writing occurred (30 days after March 25, 1993), after the effective date of the statute (July 6, 1990). We find that the conduct that gives rise to the claim is the untimely payment of the settlement and not the collision of the vessels.”
Id. at 765-766.
The fourth circuit court of appeal has applied La.R.S. 22:1220 under facts in which an accident giving rise to an insurance claim occurred in 1989 and the events which triggered the insurer’s duty under La.R.S. 22:1220 occurred after the effective date of the statute. Although the court applied the statute it found plaintiffs had failed to assert a violation of that statute. Hernandez v. Continental Casualty Insurance Co., 615 So.2d 484 (La.App. 4th Cir.), writ denied, 620 So.2d 850 (La.1993).
The duties of good faith, fair dealing and to promptly and | ^reasonably attempt to settle claims imposed upon the insurer are not changes in the insurance contract. The obligations arising from this penalty statute are separate from those arising out of the contractual relationship under an insurance policy. See Cantrelle Fence & Supply Co., Inc. v. Allstate Insurance Co., 515 So.2d 1074 (La.1987). They are designed to correct abuses by the insurer and are applicable to the behavior or actions of the insurer subsequent to the effective date of this statute. The rights granted to both the insured and other claimants pursuant to section 1220 should not be a consideration in the fixing of rates or premiums by the insurer nor do they involve contractual stipulations. They are merely a means by which the insured or other claimant may enforce the prompt payment of valid claims which the insurer is already contractually bound to pay. In this manner La.R.S. 22:1220 is remedial in nature and is applicable to pre-existing policies, where the complained-of conduct of the insurer occurs after the effective date. See Wright v. National Surety Corp., 59 So.2d at 695. These newly granted rights and duties arise upon the effective date, July 6, 1990. Thus the application of La.R.S. 22:1220 to actions of the insurer, insured or other claimant occurring after the effective date is not retrospective, nor does it impair the obligations or stipulations of the insurance contract. See Brown v. New Amsterdam Casualty Co., 243 La. 271, 142 So.2d 796 (1962); Champagne v. Hartford, 607 So.2d at 752; Tarver v. Eckstein Marine Service, Inc., 633 So.2d at 764; Nelson v. Continental Casualty Co. 412 So.2d at 701; Blewer v. Continental, 394 So.2d at 842; Davis v. United Fruit *371 Co., 120 So.2d at 273. Contra Hidalgo v. Old Hickory Ins. Co., 630 So.2d at 262.
The delay in payment after the settlement agreement was reduced to writing, in violation of La.R.S. 22:1220, occurred after the effective date of this statute. For the reasons discussed above, we hold La.R.S. 22:1220 is applicable. The judgment of the trial court maintaining the peremptory exception is reversed and the matter is remanded for further proceedings. Costs are assessed against defendants.[4]
REVERSED AND REMANDED.
FOIL, J., dissents.

. La.R.S. 22:658 creates a cause of action in favor of an insured against his or her insurer for the insurer's arbitrary and capricious failure to timely pay a claim made under the policy and authorizes statutory penalties and attorney's fees against an insurer so liable.

. Pursuant to La.R.S. 23:1201.2 as amended by Acts 1983, 1st Ex.Sess., No. 1, sec. 1, effective *369 July 1, 1983, La.R.S. 22:658 is no longer applicable to claims arising under R.S. 23:1021 et seq., relative to worker's compensation. See, now, R.S. 23:1201.2.

. La.R.S. 22:657 imposes statutory penalties and attorney’s fees against insurers for failure to pay claims arising under the terms of health and accident insurance contracts.

. Due to our holding reversing the trial court, it is unnecessary to consider the answer requesting damages for frivolous appeal.